*Jiang v. Sessions*
BIA
Loprest, IJ
A205 237 041

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand eighteen.

PRESENT:
    JOSÉ A. CABRANES,
    ROSEMARY S. POOLER,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

HEJING JIANG,
        *Petitioner,*

    v.                                          16-3347
                                                NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:            Corey T. Lee, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Linda S.
                           Wernery, Assistant Director;
                           William C. Minick, Trial Attorney,
                           Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hejing Jiang, a native and citizen of the People's Republic of China, seeks review of an August 26, 2016, decision of the BIA affirming a March 9, 2015, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hejing Jiang,* No. A 205 237 041 (B.I.A. Aug. 26, 2016), *aff'g* No. A 205 237 041 (Immig. Ct. N.Y. City Mar. 9, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility ruling on "the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements, . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record, . . . any inaccuracies or falsehoods in such statements, . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency reasonably relied on the lack of consistency between Jiang's and her pastor's testimony regarding whether members of her church distributed religious flyers. 8 U.S.C. § 1158(b)(1)(B)(iii). Jiang testified that her church "does not ever pass out flyers," and that she would distribute such flyers if she had the opportunity to do so. However, Jiang's pastor testified that church members generally handed out flyers in the spring and that the church printed flyers and left them on the table where members sign in, so that "anyone who wants to do that would pick up flyers

3

and distribute." Jiang's argument that she meant that there was no organized group that distributed flyers does not explain the discrepancy. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The lack of consistency between Jiang's testimony and her husband's regarding her baptism date also detracted from her credibility. 8 U.S.C. § 1158(b)(1)(B)(iii). Jiang testified that she was baptized on December 25, 2011. As Jiang argues, this testimony was consistent with her baptism certificate, her pastor's testimony, her application, and two letters from her church. But Jiang's husband could not remember that date or even the year of Jiang's baptism, testifying that it was either March 2012 or March 2011. His lack of knowledge undermines Jiang's testimony that her husband played a large role in her conversion to Christianity, especially because Jiang testified that her baptism was when she became a "real Christian." The IJ was not required to

4

accept her husband's explanation of nervousness. *Majidi*, 430 F.3d at 80.

The agency's negative demeanor finding, which Jiang does not challenge, provides further support for the adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (granting particular deference to credibility findings based on an applicant's demeanor). As does Jiang's failure to produce reliable corroboration. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As discussed above, Jiang's witnesses introduced inconsistency and the IJ reasonably accorded diminished weight to Jiang's parents' letter because it was authored by interested parties who were not available for cross examination. *Y.C. v. Holder*, 741 F.3d 325, 334 (2d Cir. 2013).

The above discrepancies, which call into question Jiang's practice of Christianity and her fear of persecution in China, provide substantial evidence for the adverse credibility

ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Jiang's asylum, withholding of removal, and CAT claims were all based on the same factual predicate, the adverse credibility ruling is dispositive. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we do not address the IJ's alternative determinations. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6